**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000695
27-AUG-2015
07:48 AM**

NO. CAAP-14-0000695

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
FRED Y. MIKAWA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-13-05574)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Fred Y. Mikawa (Mikawa) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on February 27, 2014, in the District Court of the First Circuit, Honolulu Division (District Court).[1]

After a fact stipulated trial, Mikawa was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014).[2]

---

[1] The Honorable Faye M. Koyanagi presided.

[2] HRS § 291E-61(a)(3) provides:

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath.

On appeal, Mikawa contends the District Court erred by (1) denying his Motion to Suppress because he was not provided with a Miranda[3] warning, in violation of his rights under article 1, section 10 of the Hawai'i Constitution, when asked if he would submit to a breath, blood, or urine test thereby incriminating himself if he refused to do so; (2) denying his Motion to Suppress because he was misinformed that he had no right to an attorney, in violation of HRS § 803-9 (2014); (3) denying his Motion to Suppress because a breath sample was taken without a warrant and without an exception to the warrant requirement, in violation of his Fourth Amendment rights and Missouri v. McNeely, 133 S. Ct. 1552 (2013); and (4) not suppressing his breath test results because he was improperly informed of sanctions for refusing to take a breath, blood, or urine test in violation of State v. Wilson, 92 Hawai'i 45, 987 P.2d 268 (1999).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mikawa's points of error as follows:

(1) A Miranda warning was not required to be given to Mikawa before determining whether he would submit to a breath, blood, or urine test. State v. Won, 134 Hawai'i 59, 74, 332 P.3d 661, 674 (App. 2014), cert. granted, No. SCWC-12-0000858, 2014 WL 2881259 (June 24, 2014).

(2) Mikawa was not improperly advised that he was not entitled to an attorney in violation of HRS § 803-9. Id. at 74, 332 P.3d at 676.

(3) Mikawa's reliance on McNeely is misplaced because McNeely resolved "a split of authority on the question whether the natural dissipation of alcohol in the bloodstream establishes a per se exigency that suffices on its own to justify an exception to the warrant requirement for nonconsensual blood testing in drunk-driving investigations." McNeely, 133 S. Ct.

---

[3]  Miranda v. Arizona, 384 U.S. 436 (1966).

at 1558 (emphasis added). In this case, Mikawa consented to take a breath test.

Mikawa contends that his consent was coerced because he was informed he "shall" be subject to thirty days jail if he refused to take a breath, blood or urine test. Mikawa claims he was informed that he "'shall' be subject to 30 days jail unless he consented to blood, or the breath test he eventually agreed to take" which is coercive. The Implied Consent Form actually provided *inter alia* that "if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable." The use of the phrase "subject to up to" conveyed the contingent nature of the sanction and it is common knowledge that imprisonment is a criminal punishment that is triggered by a conviction. Won, 134 Hawai'i at 75-76, 332 P.3d at 677-78.

Mikawa also contends that he may limit or withdraw his implied consent. Mikawa did not testify, and there is no evidence in the record from the fact stipulated trial that Mikawa revoked his implied consent. In addition, Mikawa expressly agreed to take a breath alcohol test despite being informed that he may refuse the test. Therefore, this argument is without merit.

(4) Mikawa contends that he was improperly advised of sanctions for refusing testing before he actually refused testing, and that he was only advised of a portion of the sanctions, in contradiction to HRS §§ 291E-11 (2007) and 291E-15 (Supp. 2014) and thus, in violation of the holding in Wilson.

When Wilson was decided, the implied consent statutes required that:

> Upon informing the arrestee of his or her choice of taking a breath test, blood test, or both, "[t]he arresting officer *shall* also inform the person of the sanctions under this part, including the sanction for refusing to take a breath or a blood test." HRS § 286-151 likewise requires that "the test or tests shall be administered ... *only after* ... [t]he person has been informed by a police officer of the sanctions under part XIV and sections 286-151.5 and 286-157.3." (Emphasis added.) Thus, as the statutory language makes clear, a driver's "implied consent" to an

> evidentiary chemical alcohol test is qualified by his or her implied right to refuse such a test after being accurately informed of his or her statutory right to consent or refuse, as well as the consequences of such consent or refusal.

92 Hawai'i at 49, 987 P.2d at 272 (citation and block format omitted) (underline emphasis added).

Given the amendments to the implied consent statutes since Wilson was decided in 1999, police are now *required* to inform an arrested person of sanctions only *after* the person refuses testing. HRS § 291E-15. However, no statute prohibits the police from informing an arrested person of the statutory consequences of refusing testing prior to refusing such testing.

Moreover, although Mikawa also argues that he was only informed about part of the sanctions, apparently contending that the specific sanctions for administrative remedies should have also been included in the advisement, the advisement given to Mikawa did reference sanctions under Chapter 291E, Part III, which sets out the administrative penalties for refusing testing. Mikawa fails to assert how this affected his rights, or violated the current implied consent statutes.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on February 27, 2014, in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, August 27, 2015.


On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Robert T. Nakatsuji,
Deputy Solicitor General,
Department of the Attorney General,
on the briefs for Amicus Curiae,
Attorney General of the State of Hawai'i.

Presiding Judge

Associate Judge

Associate Judge

4